UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:04-CR-07-KKC

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                       RECOMMENDED DISPOSITION

CHARLES D. KING                                                                       DEFENDANT

\* \* \* \* \*

The Court, on referral, *see* DE# 38, considers alleged supervised release violations by Defendant Charles King. Defendant remains, at this time, under a Judgment from this District for violating 18 U.S.C. § 922(g)(8)(possession of a firearm while under a qualifying DVO). *See* DE# 31 Judgment (July 1, 2004 Judgment imposing 35 months of imprisonment and 3 years of supervised release). King began supervised release on September 7, 2006, and the USPO secured a warrant from the District Court following submission of a May 17, 2007 Supervised Release Violation Report. The United States Marshal ultimately arrested Defendant on that warrant on or about December 18, 2007. *See* DE# 42. King first appeared in this District for proceedings under Rule 32.1 on December 19, 2007. *See* DE# 41.

At a subsequent hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to a *part* of reported "Violation #1," after the Court afforded Defendant all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1] *See* DE## 41 & 44. The Report itself originally

---

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE# 41. The Court thus conducted a final hearing. Defendant competently stipulated, and the Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed King of his right of

charged three supervised release violations: 1) criminal conduct, *i.e.*, commission of fourth degree assault and contempt-of-court (both under Kentucky law); 2) use of alcohol despite a contrary restrictive condition; and 3) failure to respond honestly to inquiries by the USPO.   The United States offered no proof at the hearing, and Defendant stipulated only to the contempt-of-court portion of Violation #1.

In May of 2007, the Whitley District Court had ordered, as a bond condition concerning the alleged fourth degree assault, that King have no contact with the complaining witness in the assault case.[2]  At the final Rule 32.1 hearing, King admitted that he went to the witness's house and had contact with her, in violation of the state court's order.  King's conduct at the time prompted his arrest on a state contempt charge.  It appears that neither of the state charges – contempt and assault – progressed to conclusion. Rather, the state dismissed the charges in December of 2007, and the Marshal arrested King on the outstanding federal warrant now at issue.  Notably, Defendant, as of the final hearing, had spent nearly eight months in custody since the time of the alleged contempt; the state judge had ordered his arrest on that charge, and King was in state custody from May 12,

---

allocution before the District Court.
  At the initial appearance, the Court detained Defendant, pending final disposition, under Rule 32.1(a)(6).  The United States sought detention, and in the Court's assessment, King failed to carry his heavy release burden under said rule and 18 U.S.C. § 3143(a), which expressly govern the analysis.  Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released during the interim.

[2]
  The Report linked the assault charge to alleged domestic violence by Defendant against Ms. Patricia McBrayer.  The Report further contended that Defendant used alcohol around the time of that assault.  Authorities did arrest King for the assault, and one of his bond conditions from the Whitley District Court was "no contact" with Ms. McBrayer.  It was King's violation of that directive that resulted in his arrest, on May 12, 2007, for contempt.

2007 until received on the federal warrant on December 18, 2007. Thus, King has been in continuous custody as a result of the matters at issue since May 12, 2007.

The Court has evaluated the full record, including the release violation documents and materials from the underlying criminal judgment in this District. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[3] hinges on the gravity of the underlying offense of conviction. The 18 U.S.C. § 922(g)(8) conviction before the District Court was a Class C felony, *see id.* & § 3559(a)(3), and the maximum sentence provided under § 3583 therefore is 2 (two) years of imprisonment. *See* 18 U.S.C. § 3583(e)(3). The Policy Statements in Chapter 7 of the Guidelines provide ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. Under § 7B1.1(a)(3), the nature of Defendant's admitted conduct would qualify as a Grade C violation. *See id.*[4] With a criminal history category of VI (the category at the time of the conviction in this District) and a Grade C violation, Defendant's range, under the Revocation Table, is 8-14 months.

---

[3] The proof standard is a preponderance of the evidence, *see* § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence (including the state bond conditions and the arrest citation for contempt) obviously satisfy. The preponderance standard applies even when the alleged violation at issue is commission of another crime. Thus, absent stipulation, the United States would be required to prove the criminal elements by only a preponderance of the evidence. *See, e.g., United States v. Carlton*, 442 F.3d 802, 807-12 (2d Cir. 2006)(discussing § 3583(e) proof standards in context of alleged criminal conduct as supervised release violation).

[4] The state contempt statute is KRS § 432.280. The United States does not advocate that the violation would qualify as anything higher than a Grade C violation under Chapter 7 of the Guidelines.

Supervised release may again follow, with a maximum on this record of 36 months (less any period of incarceration actually imposed on the violation). *See* 18 U.S.C. § 3583(b) & (h).

The United States recommended revocation and a sentence of time served. The United States also requested continued supervision following that term. King also sought a time-served sentence and did not object to continued supervision.

The Court recommends a sentence of 8 (eight) months followed by a supervised release term of 28 (twenty-eight) additional months on the same terms currently in effect. The § 3553 factors imported into § 3583(e) support and require the sentence. King's act in direct violation of the state court bond condition was a criminal act under Kentucky law, a breach of the state court's trust, and a corresponding breach of this Court's release condition. The violation occurred almost immediately upon King's release from state custody on the assault charge, and his prompt disobedience indicates the need for deterrence and public protection, as communicated by the revocation term referenced. The Court must note that the underlying conviction at issue involved, at least tangentially, domestic violence– Defendant was under a DVO and possessed a firearm illegally. Although no stipulation on the assault charge occurred, the Court views Defendant's contempt of the no contact order as again implicating the dangers and problems of domestic strife. Revocation reinforces King's absolute obligation of strict legal compliance during the supervised release period. Defendant's criminal history demonstrates the particular need for such reinforcement in this scenario.

Although the Policy Statements are not binding, the Court carefully considered them as a factor in arriving at the appropriate sentence in this case, which is at the bottom of the range of Chapter 7. Notably, the District Court's Judgment should expressly reflect that Defendant is to be *credited for the time spent in state custody subsequent to the May 12, 2007 arrest*. That time will

4

not be credited against any other sentence, and the Court's recommendation assumes credit for the nearly eight months spent in custody to date, all of which results from the offense serving as the basis for revocation.

The Court also recommends reimposition of supervision. Both Defendant and society need the positive effects of continued supervision from the USPO in this case. The term should run for the full original period imposed, on the current conditions, less only the statutory credit for revocation as required by § 3583. Defendant waived his right of allocution under Rule 32.1, as reflected in the record. *See* DE# 43. Further, because of the timing of the sentence and imminent expiration of the period recommended, the Court, by agreement of counsel, restricts the objection time to one (1) day.

## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED as follows:

1) That Defendant's supervised release be REVOKED, and he serve a term of imprisonment of 8 (eight) months, but with *credit for all time spent in state custody since May 12, 2007*, the date of arrest for the contempt charge that ultimately resulted in the supervised release violation finding; and

2) That the sentence of imprisonment **shall** be followed by a new term of supervised release of 28 (twenty-eight) months, on the same terms currently in effect as recorded in the District Court's Judgment, *see* DE# 31.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. However, by agreement and as stated

at the hearing, **the period for objections is reduced to one (1) day,** after which the matter shall stand submitted to Judge Caldwell for a final decision.

This the 3d day of January, 2008.

Signed By:
Robert E. Wier REW
United States Magistrate Judge

G:\01 judge\king32.1final.wpd