UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 6:04-CR-07-KKC

UNITED STATES OF AMERICA PLAINTIFF

V. RECOMMENDED DISPOSITION

CHARLES D. KING DEFENDANT

* * * * *

The Court, on referral from the District Judge, *see* DE #52, again considers alleged supervised release violations by Defendant Charles King. The undersigned previously recommended revocation concerning a May 2007 Supervised Release Violation Report, and the District Court ultimately did revoke and sentence Defendant to an eight month term of imprisonment, with a twenty-eight month term of supervised release to follow. *See* DE #49 Revocation Judgment.

Now, King faces new supervised release violation charges. The USPO issued a report on May 20, 2007 (with an addendum dated the same date), and the District Judge signed a warrant. The United States Marshal arrested Defendant on May 23, 2008. *See* DE# 50. King first appeared in this District for proceedings under Rule 32.1 on May 28, 2008. *See* DE #54.

At a final hearing, Defendant competently entered a knowing, voluntary, and intelligent stipulation to the violations alleged in the May 20 report and addendum, after the Court afforded Defendant all rights due under Rule 32.1 and 18 U.S.C. § 3583.[1] The Report charged Defendant

[1] The Court offered a Rule 32.1 preliminary hearing, which Defendant competently waived. *See* DE #54. The Court thus conducted a final hearing. Defendant competently stipulated, and the

with failing to abstain from alcohol on March 17, 2008 (as detailed), failing to participate in substance abuse treatment (as detailed), and again failing to abstain from alcohol on May 17, 2008 (as detailed). The latter conduct also resulted in state criminal charges. Defendant validly agreed that he violated the conditions as alleged in the USPO's Report and Addendum.

The Court has evaluated the full record, including the release violation documents and materials from the underlying criminal and revocation judgments in this District. The Court has considered all of the § 3553 factors imported into the § 3583(e)(3) analysis.

Under § 3583, a defendant's maximum penalty for a supervised release violation[2] hinges on the gravity of the underlying offense of conviction. The 18 U.S.C. § 922(g)(8) conviction before the District Court was a Class C felony, *see id.* & § 3559(a)(3), and the maximum sentence provided under § 3583 therefore is 2 (two) years of imprisonment. *See* 18 U.S.C. § 3583(e)(3).[3] The Policy

---

Court offered the parties the opportunity to present any proof and make any argument concerning the proper disposition of the matter. The Court also expressly informed King of his right of allocution before the District Court.

At the initial appearance, the Court detained Defendant, pending final disposition, under Rule 32.1(a)(6). The United States sought detention, and in the Court's assessment, King failed to carry his heavy release burden under said rule and 18 U.S.C. § 3143(a), which expressly govern the analysis. Defendant did not establish, by clear and convincing evidence, that he would not flee or pose a danger if released during the interim.

2

The proof standard is a preponderance of the evidence, *see* § 3583(e)(3), which Defendant's stipulation and the proffered corroborating evidence (including the proffered law enforcement testimony of Defendant's intoxication and the documentary evidence) obviously satisfy. The preponderance standard applies even when the alleged violation at issue is commission of another crime. *See, e.g., United States v. Carlton*, 442 F.3d 802, 807-12 (2d Cir. 2006)(discussing § 3583(e) proof standards in context of alleged criminal conduct as supervised release violation).

3

The statute, prior to April of 2003, had a cumulative revocation cap. Now, the statute is phrased in terms of the maximum term "on any such revocation," suggesting a per violation rather than global cap. *See United States v. Williams*, 425 F.3d 987, 988-99 (11th Cir. 2005)(discussing cumulative cap under prior statutory version).

Statements in Chapter 7 of the Guidelines provide ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. Under § 7B1.1(a)(3), the nature of Defendant's admitted conduct would qualify as Grade C violations. *See id.* With a criminal history category of VI (the category at the time of the conviction in this District) and Grade C violations, Defendant's range, under the Revocation Table, is 8-14 months. Supervised release may again follow, with a maximum on this record of 36 months (less any period of incarceration actually imposed on the violation). *See* 18 U.S.C. § 3583(b) & (h).

The United States recommended revocation and a sentence in the Court's discretion. King sought a sentence at the lower end of the advisory Guideline range.

The violations at issue reflect and result from Defendant's recidivism as to alcohol abuse and conditional noncompliance. The events of intoxication actually did or reasonably could have resulted in serious injury to Defendant or others. King was involved in a violent physical altercation during the March incident, and the May incident may have involved an automobile. Further, King has blatantly and repeatedly failed to follow requirements concerning substance abuse treatment, as evidenced by his nine appointment defaults from March 2008 to the present. Again, King stipulated to all reported violations, which occurred within months of his latest release.

The Court certainly notes the impact of the prior revocation. The precipitating conduct was a contempt of court at the state level. Even though disobedience resulted in King's loss of liberty on that occasion, King persists in violating conditions set by this Court. Thus, despite an express prohibition on alcohol use, King not only continues to drink, but he drinks to excess and creates a grave risk of public harm. Further, King refuses the treatment alternatives imposed by the Court. The Court now must calculate a result that will serve the § 3553 purposes and awaken in King a

spirit of lawful living. Sentencing Defendant at the low end of the advisory range – the prior revocation result – would improperly diminish the pattern of disobedience involved. Especially based on the short intervals between violations and given King's lengthy record, Defendant merits little leniency.

The Court has carefully factored in all of the § 3553 purposes in reaching the minimum adequate sentence. This recommendation reflects values of deterrence, public protection, promotion of respect for Court trust, and the need for treatment opportunities. The recommendation accounts for and is within the advisory range of Chapter 7 of the Guidelines.

Thus, the Court recommends a term of imprisonment of 12.5 months. This period is slightly below the Guidelines maximum and gives Defendant some credit for accepting responsibility.

The Court also recommends reimposition of supervision. Both Defendant and society need the positive effects of continued supervision from the USPO in this case. The term should run for 23.5 months, which is the full original period imposed, on the current conditions, less only the statutory credit for revocation as required by § 3583. The Court recommends aggressive USPO oversight and mandated treatment upon King's release.

Defendant waived his right of allocution under Rule 32.1, as reflected in the record. *See* DE #55.

**<u>RECOMMENDATION</u>**

IT IS THEREFORE RECOMMENDED as follows:

1) That Defendant's supervised release be REVOKED, and he serve a term of imprisonment of 12.5 (twelve and one half) months;

2) That the sentence of imprisonment **shall** be followed by a new term of supervised release of 23.5 (twenty-three and one half) months, on the same terms currently in effect as recorded in the District Court's Revocation Judgment, *see* DE #49.

Upon Defendant's request, the Court also recommends that the District Judge suggest and recommend BOP placement at a federal medical facility, given King's particular health problems. This would be consistent with prior BOP placement.

The Court directs the parties to 28 U.S.C. § 636(b)(1) and Rule 59 (b) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.

This the 6th day of June, 2008.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Robert E. Wier*** REW
**United States Magistrate Judge**

G:\supr rel vio\king-32.1 final.wpd